```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FAIRFIELD SENTRY LIMITED (IN                  :
LIQUIDATION), acting by and through the       :
Foreign Representatives thereof, and          :
KENNETH KRYS, solely in his capacity as       :
Foreign Representatives and Liquidator        :       19-CV-3911 (VSB)
thereof,                                      :     (Administratively Consolidated)
                                              :
              Plaintiffs/Appellants,           :       OPINION & ORDER
                                              :
       - against -                            :
                                              :
                                              :
CITIBANK, N.A. LONDON,                        :
                                              :
              Defendants/Appellees.           :
-----------------------------------------------------------X
```

Appearances:

David Lawrence Elsberg
Roald John Krock, II
Caitlin Joan Halligan
Andrew Riggs Dunlap
Yelena Konanova
Selendy & Gay, PLLC
New York, New York

David J. Molton
Marek Patrick Krzyzowski
Brown Rudnick LLP
New York, New York

*Counsel for Plaintiffs-Appellants*

Diarra Mari Guthrie
Jeffrey A. Rosenthal
Abifail Krista Gotter-Nugent
Nowell D. Bamberger
Thomas J. Moloney
Thomas Q. Lynch
Joseph Michael Kay
Vishakha Joshi
Carmine D. Boccuzzi, Jr.

Cleary Gottlieb Steen & Hamilton LLP
New York, New York

Bruce Stephen Kaplan
Jeffrey Carl Fourmaux
Friedman Kaplan Seiler & Adelman LLP
New York, New York

Andrew M. Harris
Hogan Lovells US LLP
New York, New York

Marc Joel Gottridge
Herbert Smith Freehills New York LLP
New York, New York

*Counsel for Defendants-Appellees*

Alan Kolod
Jessica Renee Kenney Bonteque
Mark Nelson Parry
Moses & Singer LLP
New York, New York

*Counsel for Appellees Deutsche Bank (Cayman) Limited, Deutsche Bank (Suisse) SA, and Deutsche Bank Trust Company Americas*

VERNON S. BRODERICK, United States District Judge:

This case involves more than two rounds of appeals from a series of orders issued by United States Bankruptcy Judge Stuart M. Bernstein of the Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") in roughly 400 administratively consolidated cases arising from the infamous Ponzi scheme orchestrated by Bernard L. Madoff. On August 24, 2022, I filed an Opinion & Order affirming the Bankruptcy Court's decision, followed by an Amended Opinion & Order on September 22, 2022. (Doc. 593.) On September 26, 2022, Plaintiffs-Appellants ("Appellants" or "Liquidators") began noticing appeals as of right. (Doc. 601.) On September 30, 2022, Defendants-Appellants ("Defendants") moved to certify a question for interlocutory review by the Second Circuit pursuant to 28 U.S.C. § 1292(b). (Doc.

603.) Because I find that Defendants satisfy the requirements of 28 U.S.C. § 1292(b), Defendants' motion is GRANTED. Furthermore, because there are eleven related cases that were not consolidated with the lead case due to administrative error, judgment shall be entered in those cases in accordance with my Amended Opinion & Order. (Doc. 600.)

## I.  Background and Procedural History

This action's factual background and procedural history are laid out in detail in my Amended Opinion & Order, familiarity with which is presumed. *In Re: Fairfield Sentry Limited* ("*Fairfield V*"), No. 19-CV-3911 (VSB), 2022 WL 4391023, at *1 (S.D.N.Y. Sept. 22, 2022). Liquidators have asserted common law claims and statutory avoidance claims. *Id.* at *6. On August 24, 2022, I issued an Opinion & Order affirming the Bankruptcy Court's decision and holding, among other things, that Liquidators' avoidance claims were barred by the safe harbor provision under the Bankruptcy Code. (Doc. 593.) I directed the Clerk of Court to terminate the open motions and close all administratively consolidated cases in this action. (*Id.*) On August 29, 2022, the Clerk of Court entered judgment. (Doc. 594.) On September 22, 2022, I issued the Amended Opinion & Order. *Fairfield V*.[1]

On September 26, 2022, Liquidators filed an appeal as of right. (Doc. 601.) On September 30, 2022, Defendants filed a motion for certification of the following issue to the Second Circuit under 28 U.S.C. § 1292(b):

> Whether Sections 546(e) and 561(d) of the Bankruptcy Code preclude the plaintiffs from pursuing foreign common law claims in a Chapter 15 proceeding where the elements of those claims duplicate claims that are barred by Section 546(e).

(Docs. 603–604.) Defendants had argued that Liquidators' foreign common law claims were

---

[1] The Amended Opinion & Order did not affect the conclusion in my initial Opinion & Order, (Doc. 593), nor did it affect the Clerk's Judgment entered on August 29, 2022, (Doc. 594).

3

also barred by the safe harbor provision under the Bankruptcy Code, since those claims were "duplicative" of the statutory avoidance claims, which were barred by the safe harbor provision. *See Fairfield V*, 2022 WL 4391023, at *19. I rejected that argument. *Id*. Because this ruling did not result in a final decision as to Liquidators' foreign common law claims, Defendants request that I certify an interlocutory appeal of the ruling pursuant to 28 U.S.C. § 1292(b). (*See generally* Doc. 604.) On October 28, 2022, Liquidators filed a memorandum in opposition. (Doc. 636.) On November 18, 2022, Defendants filed a reply. (Doc. 637.)

Separately, on September 29, 2022, it came to my attention that five related cases were not consolidated with the lead case and still had pending motions for leave to appeal. *See In Re: Fairfield Sentry Limited*, 21-CV-4307 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4329 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4444 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4490 (VSB); and *In Re: Fairfield Sentry Limited*, 21-CV-4498 (VSB) (together, the "Related Cases with Motions"). Further, on September 30, 2022, it also came to my attention that six other related cases were not consolidated with the lead case but had no pending motions. *See In Re: Fairfield Sentry Limited*, 21-CV-4381 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4453 (VSB*); In Re: Fairfield Sentry Limited*, 21-CV-4486 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4487 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4496 (VSB); and *In Re: Fairfield Sentry Limited*, 21-CV-4400 (VSB) (together, the "Related Cases without Motions," and altogether, the "Related Cases"). I asked the parties to inform me "if there is any reason judgment should not be entered in the [Related Cases] in accordance with my Opinion & Order in the lead case." (Docs. 602, 605.)

Defendants agreed that I should enter judgment in the Related Cases in accordance with my Amended Opinion & Order. (Docs. 608–611.) Defendants confirmed that the Related Cases

do not raise any issues that had not already been addressed by my Amended Opinion & Order. (*See id.*) Defendants explained that the Related Cases fell under the relevant consolidation orders, but were erroneously not administratively consolidated, likely as a result of not having been assigned docket numbers at the time of consolidation. (*See id.*)

Liquidators, in contrast, argued that in seven of the Related Cases, I "never granted Defendants leave to appeal the interlocutory orders," and therefore I "should enter a judgment dismissing the appeals in those seven cases." (Doc. 612, at 2.) In a footnote to their letter, Liquidators identified thirteen other cases in which they argue that "the Clerk erroneously entered the judgment from the consolidated case" and that I should therefore "amend these thirteen judgments to dismiss the appeals rather than affirm the decision below." (Doc. 612, at 2 n.6.) I directed Defendants to file any opposition to Liquidators' letter by October 14, 2022, (Doc. 615), and Defendants did so, (Doc. 616).

## II.     Discussion

### A.     *Interlocutory Review*

#### 1.  Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal of an order if (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although courts should "exercise great care in making a § 1292(b) certification," *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), "the district court should not hesitate to certify an interlocutory appeal" if a ruling satisfies the § 1202(b) criteria and "involves a new legal question or is of special consequence." *Balintulo v. Daimler AG*, 727

5

F.3d 174, 186 (2d Cir. 2013) (internal quotation marks omitted).

### 2. Application

Defendants meet each of the criteria for certification. As a preliminary matter, contrary to Liquidators' arguments, (*see* Doc. 636, at 1–2, 10–12), Defendants' motion is procedurally proper. Defendants are correct that my Amended Opinion & Order "in fact did substantively address, and reject, the only argument that Defendants made in the Interlocutory Appeals." (Doc. 616.)

As to the first prong of § 1292(b), Defendants have raised "a controlling question of law." 28 U.S.C. § 1292(b). "[T]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Recs., LLC v. Vimeo*, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotation marks omitted). "The question must also be controlling, meaning that reversal of the district court's order would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." *Id.* (internal quotation marks omitted). Here, the question of whether the safe harbor provision of the Bankruptcy Code precludes the plaintiffs from pursuing foreign common law claims is a purely legal one, and reversal of my ruling would materially affect the litigation's outcome. (*See* Doc. 604, at 19.)

Second, I find "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A movant may demonstrate a "substantial ground for difference of opinion," by showing that "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Pen Am. Ctr., Inc. v. Trump*, No. 18 CIV. 9433 (LGS), 2020 WL 5836419, at *2 (S.D.N.Y. Oct. 1, 2020) (internal quotation marks omitted). Liquidators do not appear to dispute that this question is one of first impression. (*See* Doc. 637, at 4–9.)

Although my decision in *Fairfield V* is unchanged, I agree that the interaction between the Supremacy Clause and international comity principles raises sufficiently difficult questions that merit appellate review.

Third, I find that certification will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Although interlocutory appeals are normally disfavored because they create piecemeal litigation . . . that dilemma is not present in this case" because Liquidators have already appealed my decision as to their avoidance claims. *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 CIV. 492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009) (internal citation omitted). In fact, certification in this case promotes "judicial economy" because Defendants' motion raises a question that is "inextricably bound" with the issues in the already-pending appeal before the Second Circuit. *See Rosenberg v. Educ. Credit Mgmt. Corp.*, 2020 WL 1048599, at *2 (S.D.N.Y. Mar. 4, 2020) (quoting *Barhold v. Rodriguez*, 863 F.2d 233, 237 (2d Cir. 1988)). Moreover, certification is "particularly appropriate in complex litigation involving multiple coordinated actions," such as this, in which "interlocutory review may be the best way to materially advance the ultimate termination of the litigation by avoiding protracted litigation and multiple appeals of the same or similar issues." *Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 338–39 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) (internal quotation marks omitted).

Therefore, Defendants' motion for certification of my ruling to the Second Circuit under 28 U.S.C. § 1292(b) is GRANTED.

### B. *Amending Judgments*

Liquidators "request that the Court amend . . . thirteen judgments." (Doc. 612, at 2 n.6.) Defendants argue that Liquidators' request is "untimely and procedurally improper" pursuant to

Federal Rule of Civil Procedure 59(e).  (Doc. 616, at 1.)  I agree.  Under Rule 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Although Liquidators argue that I "may correct an 'inadvertent error' in a judgment" under Federal Rule of Civil Procedure 60(a), (Doc. 636, at 12 n.6), Liquidators are not asking me to fix a "clerical mistake," but are asking me to amend judgments "to dismiss the appeals rather than affirm the decision below," (Doc. 612, at 2 n.6).  No clerical mistake was made, as I intended to affirm the decisions below.  In addition, Liquidators only raise these arguments in footnotes and thus have not adequately preserved them for review.  *See United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.").

Accordingly, I will not amend any judgments in this case, and judgment shall be entered in the Related Cases in accordance with my Amended Opinion & Order.

### III.   Conclusion

Defendants' motion for certification of my ruling to the Second Circuit under 28 U.S.C. § 1292(b) is GRANTED.  The Clerk of Court is respectfully directed to enter judgment in *In Re: Fairfield Sentry Limited*, 21-CV-4307 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4329 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4444 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4490 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4498 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4381 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4453 (VSB*); In Re: Fairfield Sentry Limited*, 21-CV-4486 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4487 (VSB); *In Re: Fairfield Sentry Limited*, 21-CV-4496 (VSB); and *In Re: Fairfield Sentry Limited*, 21-CV-4400 (VSB) in accordance with my Amended Opinion & Order in the lead case, (Doc. 600).

SO ORDERED.

Dated: March 27, 2023
      New York, New York

Vernon S. Broderick
United States District Judge